KEESAL, YOUNG & LOGAN
A Professional Corporation

ALBERT E. PEACOCK III,          3470-0
al.peacock@kyl.com
JAMES A. MARISSEN, CASB # 257699, *pro hac vice*
james.marissen@kyl.com
400 Oceangate, P.O. Box 1730
Long Beach, California  90801-1730
Telephone:  (562) 436-2000
Facsimile:   (562) 436-7416

GOODSILL ANDERSON QUINN & STIFEL
A LIMITED LIABILITY LAW PARTNERSHIP LLP

JOHN R. LACY,          1397-0
jlacy@goodsill.com
1099 Alakea Street, Suite 1800
Honolulu, Hawai'i  96813
Telephone:  (808) 547-5600
Facsimile:   (808) 547-5880

Attorneys for Defendant
TITAN MARITIME LLC dba
TITAN SALVAGE, a Crowley Company

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CAPE FLATTERY LIMITED,<br><br>                        Plaintiff,<br><br>        vs.<br><br>TITAN MARITIME, LLC, dba TITAN SALVAGE, A CROWLEY COMPANY,<br><br>                        Defendant. | Case No. CV 08 0482 JMS KSC<br><br>**DECLARATION OF ALBERT E. PEACOCK III IN SUPPORT OF DEFENDANT TITAN MARITIME LLC'S MOTION FOR LEAVE TO AMENDED ANSWER TO THE COMPLAINT OF CAPE FLATTERY LIMITED** |

I, ALBERT E. PEACOCK III, hereby declare as follows:

1.    I am an attorney duly licensed to practice before this court and am a shareholder in the law firm of Keesal, Young & Logan, attorneys for Defendant TITAN MARITIME, LLC dba TITAN SALVAGE, A CRAWLEY COMPANY. I have personal knowledge of the matters contained in this declaration and, if called as a witness to testify, I could and would competently testify to them.

2.    Exhibit "A" is a true and correct copy of the proposed First Amended Answer for which Titan seeks leave of Court to file, including a "clean" copy and a reline comparison to Titan's original Answer filed April 26, 2012 (Dec. 61.)

3.    Exhibit "B" is a true and correct copy of the Complaint filed in the United States District Court for the District of Hawaii by the United States of America and the State of Hawaii against Cape Flattery Limited and Pacific Basin (HK) Limited on December 21, 2012 thereby commencing the action indentified as Case No. cv12-00693-JMS-BMK.

4.    Exhibit "C" is a true and correct copy of the Consent Decree made and entered into by the United States of America, the State of Hawaii, Cape

DECL. ALL PEACOCK I/S/O MOT. FOR LEAVE TO AMEND ANSWER TO
CLAIM OF CAPE FLATTERY– Page 18 of 23
Case No. CV 08 0482 JMS KSC

KYL_LB1584610

Flattery Limited and Pacific Basin (HK) Limited and filed on December 21, 2012

in connection with the Complaint referenced in paragraph 2, *supra*.


I declare under penalty of perjury under the laws of the United States

of America and the State of Hawaii that the foregoing is true and correct.

Executed on February 15, 2013 in Long Beach, California.


/s/ Albert E. Peacock III
ALBERT E. PEACOCK III

# EXHIBIT A

# CLEAN VERSION OF [PROPOSED] AMENDED ANSWER

KEESAL, YOUNG & LOGAN
A Professional Corporation

ALBERT E. PEACOCK III,          3470-0
al.peacock@kyl.com
JAMES A. MARISSEN, CASB # 257699, *pro hac vice*
james.marissen@kyl.com
400 Oceangate, P.O. Box 1730
Long Beach, California  90801-1730
Telephone:  (562) 436-2000
Facsimile:   (562) 436-7416

GOODSILL ANDERSON QUINN & STIFEL
A LIMITED LIABILITY LAW PARTNERSHIP LLP

JOHN R. LACY,                   1397-0
jlacy@goodsill.com
1099 Alakea Street, Suite 1800
Honolulu, Hawai'i  96813
Telephone:  (808) 547-5600
Facsimile:   (808) 547-5880

Attorneys for Defendant
TITAN MARITIME LLC dba
TITAN SALVAGE, a Crowley Company

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CAPE FLATTERY LIMITED,<br><br>                               Plaintiff,<br><br>      vs.<br><br>TITAN MARITIME, LLC, dba TITAN<br>SALVAGE, A CROWLEY COMPANY,<br><br>                           Defendant. | Case No. CV 08 0482 JMS KSC<br><br>**DEFENDANT TITAN MARITIME LLC DBA TITAN SALVAGE, A CROWLEY COMPANY'S [PROPOSED] FIRST AMENDED ANSWER TO COMPLAINT OF PLAINTIFF CAPE FLATTERY LIMITED** |

COMES NOW Defendant TITAN MARITIME LLC dba TITAN

SALVAGE, A CROWLEY COMPANY ("Defendant") and hereby submits its

DEFENDANT TITAN MARITIME LLC DBA TITAN SALVAGE, A
CROWLEY COMPANY'S [PROPOSED] FIRST AMENDED ANSWER TO
COMPLAINT OF PLAINTIFF CAPE FLATTERY LIMITED– Page 1 of 11
Case No. CV 08 0482 JMS KSC

amended answer to the allegations contained in the Complaint of CAPE

FLATTERY LIMITED ("Plaintiff") as follows:

## JURISDICTION AND VENUE

1.      In response to paragraph 1 of Plaintiff's Complaint,

Defendant admits that this is a case of admiralty and maritime jurisdiction,

within the provisions of 28 U.S.C. § 1333. All other allegations in

paragraph 1 of the Plaintiff's Complaint are denied.

## PARTIES

2.      The allegations contained in paragraph 2 of Plaintiff's

Complaint are denied for lack of knowledge and information sufficient to

justify a belief therein.

3.      In response to paragraph 3 of Plaintiff's Complaint,

Defendant admits that Titan Maritime LLC dba Titan Salvage ("Titan") is a

limited liability corporation organized under the laws of the State of Florida,

Titan is wholly owned by Crowley Maritime Corporation ("Crowley") and

Crowley is a corporation organized under the laws of Delaware. All other

allegations in paragraph 3 of the Plaintiff's Complaint are denied.

## FACTS

4.      The allegations contained in paragraph 4 of Plaintiff's

Complaint are admitted.

5.    The allegations contained in paragraph 5 of Plaintiff's Complaint are admitted.

6.    In response to paragraph 6 of the Plaintiff's Complaint, Defendant admits that Titan participated in the successful salvage of the Plaintiff's vessel M/V *Cape Flattery* ("the Vessel"), pursuant to a signed salvage contract with Plaintiff's affiliate, Pacific Basin Shipping (HK) Ltd. (who was acting on behalf of Plaintiff as the owner of the Vessel) ("the Salvage Contract"), a copy of which is attached a Exhibit "A" to this Answer, and at all material times during the salvage of the Vessel acted with approval from and under the orders and directions and/or was otherwise directed by:  (1) the Plaintiff under the Salvage Contract and/or as the Responsible Party, pursuant to the Oil Pollution Act of 1990, 33 U.S.C § 2702 ("RP"), its Qualified Individual, Spill Management Team and/or other agents and designated representatives; (2) the United States of America, through the Federal-On-Scene Coordinator ("FOSC") and/or its agents and designated representatives including but not limited to the United States Coast Guard ("USCG"); and/or (3) the State of Hawaii, through the State-On-Scene Coordinator ("SOSC") and its agents and/or designated representatives.  All other allegations in paragraph 6 of the Plaintiff's Complaint are denied.

7.      In response to paragraph 7 of the Plaintiff's Complaint, Defendant admits that Titan successfully salvaged the Vessel pursuant to the Salvage Contract and at all material times during the salvage of the Vessel acted with approval from and under the orders and directions and/or was otherwise directed by: (1) the Plaintiff under the Salvage Contract and/or as the RP, its Qualified Individual, Spill Management Team and/or other agents and designated representatives; (2) the United States of America, through the FOSC and/or its agents and designated representatives including but no limited to the USCG; and/or (3) the State of Hawaii, through the SOSC and/or its agents and designated representatives. All other allegations in paragraph 7 of the Plaintiff's Complaint are denied.

8.      The allegations contained in paragraph 8 of Plaintiff's Complaint are denied.

9.      The allegations contained in paragraph 9 of Plaintiff's Complaint are denied.

10.     The allegations contained in paragraph 10 of Plaintiff's Complaint are denied.

11.     In response to paragraph 11 of the Plaintiff's Complaint, Defendant admits that Titan successfully salved the Vessel pursuant to the Salvage Contract and at all material times during the salvage acted with approval from and under the orders and directions and/or was otherwise

directed by: (1) the Plaintiff under the Salvage Contract and/or as the RP, its Qualified Individual, Spill Management Team and/or other agents and designated representatives; (2) the United States of America, through the FOSC and/or its agents and designated representatives including but no limited to the USCG; and/or (3) the State of Hawaii, through the SOSC and/or its agents and designated representatives including with respect to the use of submerged tow lines in the salvage of the Vessel. All other allegations in paragraph 11 of the Plaintiff's Complaint are denied.

12.     The allegations contained in paragraph 12 of Plaintiff's Complaint are denied.

13.     The allegations contained in paragraph 13 of Plaintiff's Complaint are admitted.

14.     The allegations contained in paragraph 14 of Plaintiff's Complaint are denied for lack of knowledge and information sufficient to justify a belief therein.

15.     The allegations contained in paragraph 15 of Plaintiff's Complaint are denied for lack of knowledge and information sufficient to justify a belief therein.

16.     The allegations contained in paragraph 16 of Plaintiff's Complaint are denied.

17. The allegations contained in paragraph 17 of Plaintiff's Complaint are denied.

## FIRST CAUSE OF ACTION

### (DECLARATORY RELIEF)

18. The allegations contained in paragraph 18 of Plaintiff's Complaint are denied.

19. The allegations contained in paragraph 19 of Plaintiff's Complaint are denied.

20. The allegations contained in paragraph 20 of Plaintiff's Complaint are denied.

## SECOND CAUSE OF ACTION

### (INJUNCTIVE RELIEF)

21. In response to paragraph 21 of the Plaintiff's Complaint, Defendant admits that Titan signed the Salvage Contract on February 4, 2005. All other allegations in paragraph 21 of the Plaintiff's Complaint are denied.

22. Defendant admits that this court and the Ninth Circuit Court of Appeals held that the claims as alleged in Plaintiff's Complaint do not involve the interpretation or performance of the Salvage Agreement. However, Defendant denies the allegation contained in paragraph 22 that the Salvage Agreement was not intended to address Plaintiff's claims.

23.     The allegations contained in paragraph 23 of Plaintiff's Complaint are admitted.

24.     Defendant admits that this court and the Ninth Circuit Court of Appeals held that the claims as alleged in Plaintiff's Complaint do not "arise under" the Salvage Agreement.

25.     Given the rulings by this court and the Ninth Circuit Court of Appeals and the Stipulation of the Parties [Doc. 15], the allegations contained in paragraph 25 of Plaintiff's Complaint are denied.

26.     Given the rulings by this court and the Ninth Circuit Court of Appeals and the Stipulation of the Parties [Doc. 15], the allegations contained in paragraph 26 of Plaintiff's Complaint are denied with respect to Plaintiff's claim of irreparable harm.  Further, Defendant denies that it was grossly negligent or that its conduct caused most of the damage to the coral off the shores of Oahu, Hawaii.  Defendant admits that its maximum liability might be limited if English law was held to be applicable to Plaintiff's claims.

DEFENDANT TITAN MARITIME LLC DBA TITAN SALVAGE, A CROWLEY COMPANY'S [PROPOSED] FIRST AMENDED ANSWER TO COMPLAINT OF PLAINTIFF CAPE FLATTERY LIMITED– Page 7 of 11
Case No. CV 08 0482 JMS KSC

KYL_LB1578126

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

27.   Plaintiff's Complaint against Defendant, and each and every cause of action contained therein, fails to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

28.   Plaintiff's alleged damages were caused, in whole or in part, by it own negligent acts or omissions and/or the negligent acts or omissions of its servants and agents.

## THIRD AFFIRMATIVE DEFENSE

29.   Plaintiff's alleged damages were caused, in whole or in part, by the negligent acts or omissions of third parties.

## FOURTH AFFIRMATIVE DEFENSE

30.   Defendant alleges that it is not liable to Plaintiff because the subsequent and intervening acts of third parties directly caused the happening of events, losses and damages complained of by Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

31.   Plaintiff's claim is barred by the equitable doctrine of estoppel as at all material times during the salvage of the Vessel Defendant acted with approval from and under the orders and directions and/or was otherwise directed by: (1) the Plaintiff under the Salvage Contract and/or as

DEFENDANT TITAN MARITIME LLC DBA TITAN SALVAGE, A
CROWLEY COMPANY'S [PROPOSED] FIRST AMENDED ANSWER TO
COMPLAINT OF PLAINTIFF CAPE FLATTERY LIMITED– Page 8 of 11
Case No. CV 08 0482 JMS KSC

KYL_LB1578126

the RP, its Qualified Individual, Spill Management Team and/or other agents and designated representatives; (2) the United States of America, through the FOSC and/or its agents and designated representatives including but not limited to the USCG; and/or (3) the State of Hawaii, through the SOSC and/or its agents and designated representatives including with respect to the use of submerged tow lines in the salvage of the Vessel.

## SIXTH AFFIRMATIVE DEFENSE

32.    Plaintiff, its servants or agents, failed to mitigate its alleged damages, if any, as required by law.

## SEVENTH AFFIRMATIVE DEFENSE

33.    Plaintiff's claim is barred in whole or in part by the Good Samaritan and/or Rescue Doctrines.

## EIGHTH AFFIRMATIVE DEFENSE

34.    Plaintiff's claim is time barred under the equitable doctrine of laches or by operation of any applicable statutes of limitation.

## NINTH AFFIRMATIVE DEFENSE

35.    Plaintiff's claim is barred under the equitable doctrine of waiver.

## TENTH AFFIRMATIVE DEFENSE

36.    Defendant asserts that it is immune from all liability for Plaintiff's claim as a "responder" pursuant to 33 U.S.C. section 1321(c)(4)

and H.R.S. section 128D-6(e) in that it was at all material times rendering care, assistance and advice in compliance with the National Contingency Plan, at the direction of a federal and/or state on-scene coordinator and/or in compliance with Hawaii law.

## ELEVENTH AFFIRMATIVE DEFENSE

37.   Defendant asserts that it has derivative government immunity pursuant to 33 U.S.C. section 1321(j)(8) and/or the discretionary function immunity pursuant the Federal Tort Claims Act, 28 U.S.C. section 2680(a) in that it was at all material times acting under authority validly conferred on it by the federal government, at the discretion of the federal government, and did not exceed the scope of that authority.

## TWELFTH AFFIRMATIVE DEFENSE

38.   Plaintiff's state law and/or general maritime law claims are preempted by federal law, including the Clean Water Act, OPA '90 and the National Contingency Plan.

## THIRTEENTH AFFIRMATIVE DEFENSE

39.   Defendant reserves its right to amend its Answer and assert additional Affirmative Defenses upon revelation of more definitive facts by Plaintiff and upon Defendant's counsel's undertaking of discovery and investigation into this matter.

WHEREFORE, Defendant prays for judgment as follows:

1.       That Plaintiff takes nothing by way of its Claim;

2.       For entry of judgment in favor of Defendant and against Plaintiff;

3.       For reasonable attorneys' fees and costs of suit incurred herein as may be available by contract or law; and

4.       For such other and further relief as the Court may deem just and proper.

DATED: February ____, 2013

ALBERT E. PEACOCK III
JAMES A. MARISSEN, *pro hac vice*
KEESAL, YOUNG & LOGAN

JOHN R. LACY
GOODSILL ANDERSON QUINN &
STIFEL

Attorneys for Defendant
TITAN MARITIME LLC dba
TITAN SALVAGE, a Crowley Company

# RED-LINED VERSION OF [PROPOSED] AMENDED ANSWER

KEESAL, YOUNG & LOGAN
A Professional Corporation

ALBERT E. PEACOCK III,          3470-0
al.peacock@kyl.com
JAMES A. MARISSEN, CASB # 257699, *pro hac vice*
james.marissen@kyl.com
400 Oceangate, P.O. Box 1730
Long Beach, California  90801-1730
Telephone:  (562) 436-2000
Facsimile:  (562) 436-7416

Deleted: ¶

GOODSILL ANDERSON QUINN & STIFEL
A LIMITED LIABILITY LAW PARTNERSHIP LLP

JOHN R. LACY,          1397-0
jlacy@goodsill.com
1099 Alakea Street, Suite 1800
Honolulu, Hawai'i  96813
Telephone:  (808) 547-5600
Facsimile:  (808) 547-5880

Attorneys for Defendant
TITAN MARITIME LLC dba
TITAN SALVAGE, A CROWLEY COMPANY

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CAPE FLATTERY LIMITED,<br><br>                          Plaintiff,<br><br>          vs.<br><br>TITAN MARITIME, LLC, dba TITAN SALVAGE, A CROWLEY COMPANY,<br><br>                          Defendant. | Case No. CV 08 0482 JMS KSC<br><br>**DEFENDANT TITAN MARITIME LLC DBA TITAN SALVAGE, A CROWLEY COMPANY'S FIRST AMENDED ANSWER TO COMPLAINT OF PLAINTIFF CAPE FLATTERY LIMITED** |

Deleted: DEFENDANT TITAN MARITIME LLC DBA TITAN SALVAGE, A CROWLEY COMPANY'S ANSWER TO COMPLAINT OF PLAINTIFF CAPE FLATTERY LIMITED

Deleted: KYL_LB1493759v2

COMES NOW Defendant TITAN MARITIME LLC dba TITAN SALVAGE, A CROWLEY COMPANY ("Defendant") and hereby submits its answer to the allegations contained in the Complaint of CAPE FLATTERY LIMITED ("Plaintiff") as follows:

### JURISDICTION AND VENUE

1.     In response to paragraph 1 of Plaintiff's Complaint, Defendant admits that this is a case of admiralty and maritime jurisdiction, within the provisions of 28 U.S.C. § 1333.  All other allegations in paragraph 1 of the Plaintiff's Complaint are denied.

### PARTIES

2.     The allegations contained in paragraph 2 of Plaintiff's Complaint are denied for lack of knowledge and information sufficient to justify a belief therein.

3.     In response to paragraph 3 of Plaintiff's Complaint, Defendant admits that Titan Maritime LLC dba Titan Salvage ("Titan") is a limited liability corporation organized under the laws of the State of Florida, Titan is wholly owned by Crowley Maritime Corporation ("Crowley") and Crowley is a corporation organized under the laws of Delaware. All other allegations in paragraph 3 of the Plaintiff's Complaint are denied.

**Deleted:** DEFENDANT TITAN MARITIME LLC DBA TITAN SALVAGE, A CROWLEY COMPANY'S ANSWER TO COMPLAINT OF PLAINTIFF CAPE FLATTERY LIMITED

**Deleted:** KYL_LB1493759v2

**FACTS**

4.     The allegations contained in paragraph 4 of Plaintiff's Complaint are admitted.

5.     The allegations contained in paragraph 5 of Plaintiff's Complaint are admitted.

6.     In response to paragraph 6 of the Plaintiff's Complaint, Defendant admits that Titan participated in the successful salvage of the Plaintiff's vessel M/V *Cape Flattery* ("the Vessel"), pursuant to a signed salvage contract with Plaintiff's affiliate, Pacific Basin Shipping (HK) Ltd. (who was acting on behalf of Plaintiff as the owner of the Vessel) ("the Salvage Contract"), a copy of which is attached a Exhibit "A" to this Answer, and at all material times during the salvage of the Vessel acted with approval from and under the orders and directions and/or was otherwise directed by: (1) the Plaintiff under the Salvage Contract and/or as the Responsible Party, pursuant to the Oil Pollution Act of 1990, 33 U.S.C § 2702 ("RP"), its Qualified Individual, Spill Management Team and/or other agents and designated representatives; (2) the United States of America, through the Federal-On-Scene Coordinator ("FOSC") and/or its agents and designated representatives including but not limited to the United States Coast Guard ("USCG"); and/or (3) the State of Hawaii, through the State-On-Scene Coordinator ("SOSC") and its agents and designated representatives. All other allegations in paragraph 6 of the Plaintiff's Complaint are denied.

> **Deleted:** DEFENDANT TITAN MARITIME LLC DBA TITAN SALVAGE, A CROWLEY COMPANY'S ANSWER TO COMPLAINT OF PLAINTIFF CAPE FLATTERY LIMITED
>
> **Deleted:** KYL_LB1493759v2

DEFENDANT TITAN MARITIME LLC DBA TITAN SALVAGE, A CROWLEY COMPANY'S FIRST AMENDED ANSWER TO COMPLAINT OF PLAINTIFF CAPE FLATTERY LIMITED – Page 3 of 12KYL_LB1584410
Case No. CV 08 0482 JMS KSC

7.      In response to paragraph 7 of the Plaintiff's Complaint, Defendant admits that Titan successfully salvaged the Vessel pursuant to the Salvage Contract and at all material times during the salvage of the Vessel acted with approval from and under the orders and directions and/or was otherwise directed by: (1) the Plaintiff under the Salvage Contract and/or as the RP, its Qualified Individual, Spill Management Team and/or other agents and designated representatives; (2) the United States of America, through the FOSC and/or its agents and designated representatives including but no limited to the USCG; and/or (3) the State of Hawaii, through the SOSC and/or its agents and designated representatives. All other allegations in paragraph 7 of the Plaintiff's Complaint are denied.

8.      The allegations contained in paragraph 8 of Plaintiff's Complaint are denied.

9.      The allegations contained in paragraph 9 of Plaintiff's Complaint are denied.

10.     The allegations contained in paragraph 10 of Plaintiff's Complaint are denied.

11.     In response to paragraph 11 of the Plaintiff's Complaint, Defendant admits that Titan successfully salved the Vessel pursuant to the Salvage Contract and at all material times during the salvage acted with approval from and under the orders and directions and/or was otherwise directed by: (1) the

> Deleted: DEFENDANT TITAN MARITIME LLC DBA TITAN SALVAGE, A CROWLEY COMPANY'S ANSWER TO COMPLAINT OF PLAINTIFF CAPE FLATTERY LIMITED
>
> Deleted: KYL_LB1493759v2

DEFENDANT TITAN MARITIME LLC DBA TITAN SALVAGE, A CROWLEY COMPANY'S FIRST AMENDED ANSWER TO COMPLAINT OF PLAINTIFF CAPE FLATTERY LIMITED – Page 4 of 12 KYL_LB1584410
Case No. CV 08 0482 JMS KSC

Plaintiff under the Salvage Contract and/or as the RP, its Qualified Individual,

Spill Management Team and/or other agents and designated representatives; (2)

the United States of America, through the FOSC and/or its agents and designated

representatives including but no limited to the USCG; and/or (3) the State of

Hawaii, through the SOSC and/or its agents and designated representatives

including with respect to the use of submerged tow lines in the salvage of the

Vessel. All other allegations in paragraph 11 of the Plaintiff's Complaint are

denied.

      12.    The allegations contained in paragraph 12 of Plaintiff's

Complaint are denied.

      13.    The allegations contained in paragraph 13 of Plaintiff's

Complaint are admitted.

      14.    The allegations contained in paragraph 14 of Plaintiff's

Complaint are denied for lack of knowledge and information sufficient to justify a

belief therein.

      15.    The allegations contained in paragraph 15 of Plaintiff's

Complaint are denied for lack of knowledge and information sufficient to justify a

belief therein.

      16.    The allegations contained in paragraph 16 of Plaintiff's

Complaint are denied.

| Deleted: DEFENDANT TITAN MARITIME LLC DBA TITAN SALVAGE, A CROWLEY COMPANY'S ANSWER TO COMPLAINT OF PLAINTIFF CAPE FLATTERY LIMITED |
| Deleted: KYL_LB1493759v2 |

17.   The allegations contained in paragraph 17 of Plaintiff's

Complaint are denied.

### FIRST CAUSE OF ACTION

### (DECLARATORY RELIEF)

18.   The allegations contained in paragraph 18 of Plaintiff's

Complaint are denied.

19.   The allegations contained in paragraph 19 of Plaintiff's

Complaint are denied.

20.   The allegations contained in paragraph 20 of Plaintiff's

Complaint are denied.

### SECOND CAUSE OF ACTION

### (INJUNCTIVE RELIEF)

21.   In response to paragraph 21 of the Plaintiff's Complaint,

Defendant admits that Titan signed the Salvage Contract on February 4, 2005. All

other allegations in paragraph 21 of the Plaintiff's Complaint are denied.

22.   Defendant admits that this court and the Ninth Circuit Court of

Appeals held that the claims as alleged in Plaintiff's Complaint do not involve the

interpretation or performance of the Salvage Agreement.  However, Defendant

denies the allegation contained in paragraph 22 that the Salvage Agreement was

not intended to address Plaintiff's claims.

DEFENDANT TITAN MARITIME LLC DBA TITAN SALVAGE, A CROWLEY COMPANY'S FIRST
AMENDED ANSWER TO COMPLAINT OF PLAINTIFF CAPE FLATTERY LIMITED – Page 6 of 12KYL_LB1584410,
Case No. CV 08 0482 JMS KSC

Deleted: (DECLARATORY RELIEF)

Formatted: Centered, Indent: Left: 0.08"

Deleted: (INJUNCTIVE RELIEF)
Formatted: Font: Times New Roman
Formatted: Centered, Indent: Left: 0.08"

Formatted: Bullets and Numbering

Deleted: DEFENDANT TITAN MARITIME LLC DBA TITAN SALVAGE, A CROWLEY COMPANY'S ANSWER TO COMPLAINT OF PLAINTIFF CAPE FLATTERY LIMITED
Deleted: KYL_LB1493759v2

23.   The allegations contained in paragraph 23 of Plaintiff's Complaint are admitted.

24.   Defendant admits that this court and the Ninth Circuit Court of Appeals held that the claims as alleged in Plaintiff's Complaint do not "arise under" the Salvage Agreement.

25.   Given the rulings by this court and the Ninth Circuit Court of Appeals and the Stipulation of the Parties [Doc. 15], the allegations contained in paragraph 25 of Plaintiff's Complaint are denied.

26.   Given the rulings by this court and the Ninth Circuit Court of Appeals and the Stipulation of the Parties [Doc. 15], the allegations contained in paragraph 26 of Plaintiff's Complaint are denied with respect to Plaintiff's claim of irreparable harm.  Further, Defendant denies that it was grossly negligent or that its conduct caused most of the damage to the coral off the shores of Oahu, Hawaii.  Defendant admits that its maximum liability might be limited if English law was held to be applicable to Plaintiff's claims.

Deleted: <#>The allegations contained in paragraph 22 of Plaintiff's Complaint are denied.¶

Formatted: Bullets and Numbering

Deleted: <#>The allegations contained in paragraph 24 of Plaintiff's Complaint are denied.¶

Deleted: The allegations contained in paragraph 25 of Plaintiff's Complaint are denied.¶
Expect to the extent that English law applies, all other allegations contained in paragraph 26 of Plaintiff's Complaint are denied.

Formatted: Indent: Left: 0.08"

Deleted: DEFENDANT TITAN MARITIME LLC DBA TITAN SALVAGE, A CROWLEY COMPANY'S ANSWER TO COMPLAINT OF PLAINTIFF CAPE FLATTERY LIMITED

Deleted: KYL_LB1493759v2

DEFENDANT TITAN MARITIME LLC DBA TITAN SALVAGE, A CROWLEY COMPANY'S FIRST AMENDED ANSWER TO COMPLAINT OF PLAINTIFF CAPE FLATTERY LIMITED – Page 7 of 12KYL_LB1584410

Case No. CV 08 0482 JMS KSC

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

27.    Plaintiff's Complaint against Defendant, and each and every cause of action contained therein, fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

28.    Plaintiff's alleged damages were caused, in whole or in part, by it own negligent acts or omissions and/or the negligent acts or omissions of its servants and agents.

### THIRD AFFIRMATIVE DEFENSE

29.    Plaintiff's alleged damages were caused, in whole or in part, by the negligent acts or omissions of third parties.

### FOURTH AFFIRMATIVE DEFENSE

30.    Defendant alleges that it is not liable to Plaintiff because the subsequent and intervening acts of third parties which directly caused the happening of events, losses and damages complained of by Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

31.    Plaintiff's claim is barred by the equitable doctrine of estoppel as at all material times during the salvage of the Vessel Defendant acted with approval from and under the orders and directions and/or was otherwise directed by: (1) the Plaintiff under the Salvage Contract and/or as the RP, its Qualified

Deleted: ¶

Deleted: <#>¶
<#>PLAINTIFF'S ALLEGED DAMAGES WERE NOT CAUSED BY ANY ACT OR OMISSION ON BEHALF OF DEFENDANT.¶

Formatted: Bullets and Numbering

Deleted: DEFENDANT TITAN MARITIME LLC DBA TITAN SALVAGE, A CROWLEY COMPANY'S ANSWER TO COMPLAINT OF PLAINTIFF CAPE FLATTERY LIMITED

Deleted: KYL_LB1493759v2

Individual, Spill Management Team and/or other agents and designated

representatives; (2) the United States of America, through the FOSC and/or its

agents and designated representatives including but not limited to the USCG;

and/or (3) the State of Hawaii, through the SOSC and/or its agents and designated

representatives including with respect to the use of submerged tow lines in the

salvage of the Vessel.

## SIXTH AFFIRMATIVE DEFENSE

32.   Plaintiff, its servants or agents, failed to mitigate its alleged

damages, if any, as required by law.

## SEVENTH AFFIRMATIVE DEFENSE

33.   Plaintiff's claim is barred in whole or in part by the Good

Samaritan and/or Rescue Doctrines.

## EIGHTH AFFIRMATIVE DEFENSE

34.   Plaintiff's claim is time barred under the equitable doctrine of

laches or by operation of any applicable statutes of limitation.

## NINTH AFFIRMATIVE DEFENSE

35.   Plaintiff's claim is barred under the equitable doctrine of

waiver.

**Deleted:** <#>¶
<#>Defendant alleges that Plaintiff failed to exercise the degree of care and caution a reasonable and prudent person would have exercised under the same or similar circumstances, and that any alleged damages, if any, were proximately caused by its own negligent acts or omissions. ¶

**Deleted:** <#>¶
<#>Defendant alleges that this Court lacks jurisdiction over this answering Defendant.¶

**Deleted:** ¶
Defendant alleges that any alleged damage was caused either in whole or in part by sovereigns, persons, governments, firms, corporations, or entities other than Defendant.  Defendant alleges that these sovereigns, persons, governments, firms, corporations, or entities, other than Defendant, are at fault and are responsible in some manner for the damages alleged by Plaintiff and that said fault comparatively reduces the damages for which Defendant might be liable. ¶
¶
Defendant alleges and incorporates by reference as though fully set forth herein, each and every defense and limitation contained in or made available to Defendant by the terms of the Salvage Contract.¶
¶
Defendant alleges and incorporates by reference as though fully set forth herein, each and every defense and limitation available to it under English law, being the governing law of the Salvage Contract, including but not limited to limitation of liability under section 185 of the Merchant Shipping Act of 1995 (UK) which incorporates the International Convention on Limitation of Liability for Maritime Claims 1976.¶
Defendant expressly claims that it is entitled exoneration from or limitation of liability under the Limitation of Liability Act, 46 U.S.C. §§ 30501, et seq., to any and all of Plaintiff's claim

**Deleted:** <#>¶
<#>Defendant expressly claims the benefits of any arbitration or forum selection clauses in the underlying Salvage Contract.  In answering Plaintiff's Complaint, Defendant does not mean to waive or limit its rights to later pursue this matter in arbitration or to seek to dismiss or transfer venue of this action to the Court agreed to by the parties in the forum selection clause.¶
<#>¶
<#>Defendant alleges the United States District Court for the District of Hawaii

**Deleted:** DEFENDANT TITAN MARITIME LLC DBA TITAN SALVAGE, A CROWLEY COMPANY'S ANSWER TO COMPLAINT OF PLAINTIFF CAPE FLATTERY LIMITED

**Deleted:** KYL_LB1493759v2

## TENTH AFFIRMATIVE DEFENSE

36.    Defendant alleges that it is immune from all liability for Plaintiff's claim as a "responder" pursuant to 33 U.S.C. § 1321(c)(4) and H.R.S. section 128D-6(e) in that it was at all material times rendering care, assistance and advice in compliance with the National Contingency Plan, at the direction of a federal and/or state on-scene coordinator and/or in compliance with Hawaii law.

## ELEVENTH AFFIRMATIVE DEFENSE

37.    Defendant asserts that it has derivative government immunity pursuant to 33 U.S.C. section 1321(j)(8) and/or the discretionary function immunity pursuant the Federal Tort Claims Act, 28 U.S.C. section 2680(a) in that it was at all material times acting under authority validly conferred on it by the federal government, at the discretion of the federal government, and did not exceed the scope of that authority.

## TWELFTH AFFIRMATIVE DEFENSE

38.    Plaintiff's state law and/or general maritime law claims are preempted by federal law, including the Clean Water Act, OPA '90 and the National Contingency Plan.

## THIRTEENTH AFFIRMATIVE DEFENSE

39.    Defendant reserves its right to amend its Answer and assert additional Affirmative Defenses upon revelation of more definitive facts by

Deleted: <#>¶
<#>Defendant alleges, without admitting any duty owed to Plaintiff, that at all material times during the salvage of the Vessel it exercised due diligence and acted in a reasonable and prudent manner, complying with all applicable standards of care, under the Salvage Contract, which is governed by English law, and/or the orders and directions of (1) the Plaintiff, as the RP, its Qualified Individual, Spill Management Team and/or other agents and designated representatives; (2) the United States of America, through FOSC and/or its agents and designated representatives including but not limited to the USCG; and/or (3) the State of Hawaii, through the SOSC and/or its agents and designated representatives.¶

Deleted: exempt

Deleted: , under the general maritime law and the law of Hawaii

Deleted: with due care in relation to the salvage of the Vessel

Formatted: Heading 3,h3, Left, Line spacing: single

Formatted: Bullets and Numbering

Formatted: Heading 3,h3, Left, Line spacing: single

Formatted: Indent: Left: 0.5", Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 1.08" + Tab after: 1.58" + Indent at: 0.08", Tabs: 2", List tab

Deleted: <#>¶
<#>Defendant alleges that if there is any verdict against the Defendant, Defendant is entitled to indemnity from other persons or entities, including Plaintiff.¶
<#>¶
<#>Plaintiff lacks standing to pursue a claim against Defendant for indemnity and/or contribution.¶

Formatted: Bullets and Numbering

Deleted: DEFENDANT TITAN MARITIME LLC DBA TITAN SALVAGE, A CROWLEY COMPANY'S ANSWER TO COMPLAINT OF PLAINTIFF CAPE FLATTERY LIMITED

Deleted: KYL_LB1493759v2

DEFENDANT TITAN MARITIME LLC DBA TITAN SALVAGE, A CROWLEY COMPANY'S FIRST AMENDED ANSWER TO COMPLAINT OF PLAINTIFF CAPE FLATTERY LIMITED – Page 10 of 12 KYL_LB1584410

Case No. CV 08 0482 JMS KSC

Plaintiff and upon Defendant's counsel's undertaking of discovery and investigation into this matter.

**Deleted:** DEFENDANT TITAN MARITIME LLC DBA TITAN SALVAGE, A CROWLEY COMPANY'S ANSWER TO COMPLAINT OF PLAINTIFF CAPE FLATTERY LIMITED

**Deleted:** KYL_LB1493759v2

WHEREFORE, Defendant prays for judgment as follows:

1.   That Plaintiff takes nothing by way of its Claim;

2.   For entry of judgment in favor of Defendant and against

     Plaintiff;

3.   For reasonable attorneys' fees and costs of suit incurred herein

     as may be available by contract or law; and

4.   For such other and further relief as the Court may deem just and

     proper.

DATED:  February ___, 2013

                                 ALBERT E. PEACOCK III
KEESAL, YOUNG & LOGAN

JOHN R. LACY
GOODSILL ANDERSON QUINN &
STIFEL

Attorneys for Defendant
TITAN MARITIME LLC dba
TITAN SALVAGE, a Crowley Company

| Deleted: DEFENDANT TITAN MARITIME LLC DBA TITAN SALVAGE, A CROWLEY COMPANY'S ANSWER TO COMPLAINT OF PLAINTIFF CAPE FLATTERY LIMITED |
| Deleted: KYL_LB1493759v2 |

Defendant expressly claims the benefits of any arbitration or forum selection clauses in the underlying Salvage Contract.  In answering Plaintiff's Complaint, Defendant does not mean to waive or limit its rights to later pursue this matter in arbitration or to seek to dismiss or transfer venue of this action to the Court agreed to by the parties in the forum selection clause.

Defendant alleges the United States District Court for the District of Hawaii is not the best forum for the resolution of the instant litigation as there is a more convenient forum in which the case should be prosecuted.  Defendant hereby expressly reserves its right to seek a dismissal or transfer of the instant proceedings pursuant to the doctrine of *forum non conveniens*.  Defendant hereby reserves its right to seek such dismissal or transfer on this basis by motion at a later time.

Plaintiff has failed to join indispensable parties, specifically the United States of America and/or the State of Hawaii, given that Defendant, at all material times during the salvage of the Vessel, acted with approval from and under the orders and directions and/or was otherwise

directed by the United States of America, through the FOSC and/or its

agents and designated representatives including but not limited to the

USCG; and/or the State of Hawaii, through the SOSC and/or its agents and

designated representatives.

# EXHIBIT  B

1    IGNACIA S. MORENO
     Assistant Attorney General
2    Environment and Natural Resources Division
     United States Department of Justice
3    Washington D.C. 20530
     BRADLEY R. O'BRIEN (CA State Bar #189425)
4    Environmental Enforcement Section
     United States Department of Justice
5    Brad.obrien@usdoj.gov
6
     FLORENCE T. NAKAKUNI
7    United States Attorney
     DERRICK WATSON
8    Assistant United States Attorney
     Room 6-100, PJKK Federal Building
9    300 Ala Moana Boulevard
     Honolulu, Hawaii  96850
10   Derrick.watson@usdoj.gov
11
12   Attorneys for Plaintiff United States of America
13   DAVID M. LOUIE
     Attorney General
14   State Of Hawaii
     HEIDI M. RIAN
15   KATHLEEN HO
     Deputy Attorneys General
16   465 S. King Street, Rm. 200
     Honolulu, Hawaii  96813
17   Kathleen.S.Ho@hawaii.gov
18
19   Attorneys for Plaintiff State of Hawaii

20              UNITED STATES DISTRICT COURT
                   DISTRICT OF HAWAII
21

22   UNITED STATES OF AMERICA and the )   CV.12   00693 JMS BMK
     STATE OF HAWAII,                  )   Civil No.
23                                     )
24              Plaintiffs,            )
                                       )
25       vs.                           )   COMPLAINT
                                       )
26   CAPE FLATTERY LIMITED and         )
     PACIFIC BASIN (HK) LIMITED        )
27                                     )
                Defendants.            )
28                                     )

─────────────────────────────────────────────────────
*United States, et al. v. Cape Flattery Limited, et al.*          Complaint

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 21 2012

at 10 o'clock and 00 min. A M.
SUE BEITIA, CLERK

1

2       COMPLAINT

3       Plaintiff United States of America ("United States"), by the authority of the

4   Attorney General of the United States, on behalf of the U.S. Department of the

5   Interior ("DOI"), U.S. Fish and Wildlife Services ("USFWS"), and on behalf of

6   the U.S. Department of Commerce, National Oceanic & Atmospheric

7   Administration ("NOAA"), and Plaintiff State of Hawaii, by its Attorney General,

8   David M. Louie ("the State"), allege as follows:

9       STATEMENT OF THE CASE

10      This is a civil action brought pursuant to Sections 1002(a), (b)(1)(A) and

11  (b)(2)(A), 1006(a) of the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. §§ 2701 *et*

12  *seq*, and Section 128D of the Hawaii Environmental Response law ("HRS"), Haw.

13  Rev. Stat. §128D, to recover claims for natural resource damages arising from the

14  February 2, 2005, grounding of the M/V Cape Flattery vessel on coral reef habitat

15  outside the entrance channel to Barbers Point Harbor, Oahu, Hawaii (the

16  "Grounding").

17      JURISDICTION AND VENUE

18      1.      This Court has jurisdiction over the subject matter of this action and

19  over the Defendants pursuant to, *inter alia*, 28 U.S.C. §§ 1331, 1345, 1355 &

20  1367, Sections 1002(a), (b)(1)(A), (b)(2)(A), 1006, and 1017(b) of OPA, 33 U.S.C.

21  §§ 2702(a), (b)(1)(A), (b)(2)(A), 2706, & 2717(b).

22      2.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and

23  1395, 33 U.S.C § 2717(b), because the Defendants do business in, and the incident

24  occurred in, this judicial district.

25      DEFENDANTS

26      3.      Defendant Cape Flattery Limited ("Flattery"), a Hong Kong

27  corporation, at all relevant times was the owner of the M/V Cape Flattery.

28

*United States, et al. v. Cape Flattery Limited, et al.*                    Complaint

-1-

4.    Defendant Pacific Basin (HK) Limited ("Pacific Basin") at all relevant times was the operator of the M/V Cape Flattery.

5.    Each Defendant is a "responsible party" as defined by Sections 1001(32)(A) and (26)(A)(i) of OPA, 33 U.S.C. §§ 2701(32)(A) and (26)(A)(i); and Sections 128D-1 and 128D-6 of HRS, Haw. Rev. Stat. §§ 128D-1 and 128D-6.

<u>THE INCIDENT</u>

6.    On February 2, 2005, the 555 foot bulk carrier M/V Cape Flattery grounded on coral reef habitat outside the entrance channel to Barbers Point Harbor, Oahu, Hawaii. At the time of the Grounding, the M/V Cape Flattery was owned by Flattery and operated by Pacific Basin.

7.    The United States Coast Guard, the State, and the Defendants developed a Salvage Operations Oil Spill Contingency Plan to provide direction to address a substantial threat of a discharge of oil as the result of the Incident.

8.    As a result of the Grounding, fuel and cement cargo were offloaded from the M/V Cape Flattery, and various tugs and other vessels attempted to remove the M/V Cape Flattery. The M/V Cape Flattery was ultimately towed from the coral reef habitat on or about February 11, 2005. Physical injuries to coral reef habitat and associated resources resulted from stabilization and response activities associated with the Grounding (the Grounding and the foregoing are referred to as the "Incident").

9.    DOI, USFWS, NOAA, and the State are trustees ("Trustee" or jointly "Trustees") for the natural resources injured by the Incident. The USFWS and NOAA are each designated as a Trustee pursuant to subpart G of the National Oil and Hazardous Substances Pollution Contingency Plan, 40 C.F.R. §§ 300.600 *et seq.*, and Executive Order 12580, 3 C.F.R., 1987 Comp. p. 193, 52 Fed. Reg. 2923 (January 23, 1987) as amended by Executive Order 12777, 56 Fed. Reg. 54757 (October 18, 1991). The State has natural resource trustee authority pursuant to Section 1006 of OPA, Section 128D-6 HRS, and 11-451 Haw. Admin. Rules.

*United States, et al. v. Cape Flattery Limited, et al.*       Complaint

-2-

10.     The Trustees and Defendants' representatives began Incident pre-assessment procedures on February 11, 2005. The Incident pre-assessment procedures included collecting physical evidence, photo documentation, area measurements and recording observations. These pre-assessment procedures were utilized in part to determine whether physical injury to natural resources, including coral reef habitat and its associated community, had occurred as a result of the Incident and removal operations.

11.     The collected evidence and observations from the Incident pre-assessment procedures confirmed that the Incident caused physical injury to coral reef habitats and resources. The Trustees determined that additional actions to quantify and further document injury were necessary.

12.     Utilizing certain assessment procedures, the Trustees have determined that the Incident caused injuries to various coral reef habitats and the wildlife that depends on them, and have quantified the severity, extent and estimated duration of such injuries.

13.     Natural resources within the meaning of Section 1001(20) of OPA, 33 U.S.C. §§ 2701(20), and Section 128D-1 of HRS, Haw. Rev. Stat. §128D-1, held in trust by the Plaintiffs have been injured, lost, or destroyed as the result of Defendants' actions.

## CLAIM FOR RELIEF

14.     Paragraphs 1 through 13 are incorporated herein by reference.

15.     "Natural resources," as that term is defined in OPA, 33 U.S.C. § 2701(20), held in trust by the Trustees, have been injured, destroyed, or lost as the result of the Incident within the meaning of 33 U.S.C. § 2702(b)(2).

16.     The United States and the State incurred "damages" within the meaning of OPA as a result of the Incident. 33 U.S.C. §§ 2702(b)(1)(A), (b)(2)(A).

*United States, et al. v. Cape Flattery Limited, et al.*          Complaint

17.   Pursuant to OPA, 33 U.S.C. § 2702(a) and (b), each responsible party for a vessel from which oil is discharged, or which poses the substantial threat of discharge, into or upon the navigable waters or adjoining shorelines or the exclusive economic zone of the United States, is strictly liable for all damages, and/or disbursements specified in OPA, including, but not limited to, damages for injuries to natural resources.

18.   Defendants are liable to the United States and the State for natural resource damages, including the reasonable costs of assessing the damage, as an owner and an operator of a vessel which posed the substantial threat of discharge of oil upon the navigable waters pursuant to Sections 1001(26)(A)(i) & (27), 1002(a) & (b)(2)(A), and 1006(a)(1) of OPA, 33 U.S.C. §§ 2701(26)(A)(i) & (27), 2702(a) & (b)(2)(A), and 2706(a)(1), and Section 128D-6 of HRS, Haw. Rev. Stat. § 128D-6.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, the United States and the State, respectfully request that this Court:

1.   Enter judgment in favor of the United States and the State holding Defendants liable for all unreimbursed costs incurred by the United States and the State with respect to the Incident, plus accrued interest thereon;

2.   Enter judgment in favor of the United States and the State holding Defendants liable for all damages incurred with respect to the Incident, plus accrued interest thereon;

3.   Enter judgment in favor of the United States and the State holding Defendants liable to implement actions to restore natural resources and resource services injured or lost as a result of the Incident including, but not limited to, the cost of restoring, rehabilitating, replacing, or acquiring the equivalent of the injured natural resources, the diminution in value of those injured natural resources pending restoration, and assessment costs.

*United States, et al. v. Cape Flattery Limited, et al.*                    Complaint

1       4.     Enter a declaratory judgment on Defendants' liability for removal

2 costs and damages that will be binding on any subsequent action or actions to

3 recover further response costs or damages; and

4       5.     Grant the United States and the State such other relief as the Court

5 deems appropriate.

6

7 Dated: _Dec 18,_____, 2012.

8

9 FOR THE UNITED STATES:

10

11

12

13 IGNACIA S. MORENO

14 Assistant Attorney General

15 Environment & Natural Resources Division
United States Department of Justice

16

17

18

19 BRADLEY O'BRIEN

20 Senior Attorney
Environmental Enforcement Section

21 Environment & Natural Resources Division

22 United States Department of Justice
301 Howard Street, Suite 1050

23 San Francisco, California 94105

24 (415) 744-6484
(415) 744-6476

25

26

27

28

*United States, et al. v. Cape Flattery Limited, et al.*        Complaint

–5–

# EXHIBIT C

LODGED

DEC 21 2012

CLERK, U.S. DISTRICT COURT
DISTRICT OF HAWAII

1   IGNACIA S. MORENO
    Assistant Attorney General
2   Environment & Natural Resources Division
    United States Department of Justice
3   BRADLEY R. O'BRIEN
    Senior Attorney
4   Environmental Enforcement Section
    Environment & Natural Resources Division
5   United States Department of Justice
    301 Howard Street, Suite 1050
6   San Francisco, California 94105
    Telephone: (415) 744-6484
7   Facsimile: (415) 744-6476
8   E-mail: Brad.obrien@usdoj.gov

9   FLORENCE T. NAKAKUNI
    United States Attorney
10  DERRICK WATSON
    Assistant United States Attorney
11  Room 6-100, PJKK Federal Building
    300 Ala Moana Boulevard
12  Honolulu, Hawaii 96850
    Email: Derrick.watson@usdoj.gov
13

14  Attorneys for Plaintiff United States of America

15  DAVID M. LOUIE
    Attorney General
16  State Of Hawaii
    HEIDI M. RIAN
17  KATHLEEN HO
    Deputy Attorneys General
18  465 S. King Street, Rm. 200
    Honolulu, Hawaii 96813
19  Email: Kathleen.s.ho@hawaii.gov

20  Attorneys for Plaintiff State of Hawaii

21          IN THE UNITED STATES DISTRICT COURT
22              DISTRICT OF HAWAII

23  UNITED STATES OF AMERICA and the          CASE NO. CV13 00693 JMS BMK
    the STATE OF HAWAII,
24                                            CONSENT DECREE
              Plaintiffs,
25
              v.
26
27  CAPE FLATTERY LIMITED and
    PACIFIC BASIN (HK) LIMITED,
28
              Defendants.

*United States, et al. v. Cape Flattery Limited, et al.*- Consent Decree

1
2

# TABLE OF CONTENTS

3
| | | |
|---|---|---|
4

I.      PARTIES..................................................................... 1

II.     INTRODUCTION........................................................ 1

III.    JURISDICTION AND VENUE ................................... 3

IV.     APPLICABILITY ...................................................... 4

V.      DEFINITIONS ........................................................... 4

VI.     SETTLEMENT PAYMENTS ..................................... 6

VII.    STIPULATED PENALTIES ....................................... 10

VIII.   EFFECT OF SETTLEMENT ...................................... 11

IX.     COSTS....................................................................... 12

X.      NOTICES ................................................................... 12

XI.     EFFECTIVE DATE .................................................... 14

XII.    RETENTION OF JURISDICTION .............................. 14

XIII.   MODIFICATION........................................................ 14

XIV.    TERMINATION.......................................................... 15

XV.     PUBLIC PARTICIPATION ........................................ 15

XVI.    SIGNATORIES/SERVICE .......................................... 15

XVII.   INTEGRATION.......................................................... 16

XVIII.  FINAL JUDGMENT.................................................... 16

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*United States, et al. v. Cape Flattery Limited, et al. - Consent Decree*

I. **PARTIES**

This Consent Decree ("Consent Decree" or "Decree") is made and entered into by and among the following parties (hereinafter referred to collectively as "the Parties" and individually as "Party"):

    A.    Plaintiff United States of America ("the United States"), on behalf of the U.S. Department of the Interior ("DOI"), U.S. Fish and Wildlife Service ("USFWS") and the U.S. Department of Commerce, National Oceanic and Atmospheric Administration ("NOAA"),

    B.    Plaintiff State of Hawaii ("State"), and

    C.    Defendants Cape Flattery Limited and Pacific Basin (HK) Limited (together jointly referred to as the "Settling Defendants").

II. **INTRODUCTION**

    D.    On February 2, 2005, the 555 foot bulk carrier M/V Cape Flattery ("Flattery") grounded on coral reef habitat outside the entrance channel to Barbers Point Harbor, Oahu, Hawaii.  The vessel was owned at that time by Cape Flattery Limited, a Hong Kong corporation, and was operated by Pacific Basin Marine Basin (HK) Limited.  The U.S. Coast Guard, the State and the Settling Defendants developed a Salvage Operations Oil Spill Contingency Plan due to a substantial threat of a discharge of oil as the result of the grounding.  Over the following days, fuel and cement cargo were offloaded, and various tugs and other vessels

*United States, et al. v. Cape Flattery Limited, et al. - Consent Decree*

1

attempted to remove the vessel.  The Flattery was ultimately towed from the reef on February 11, 2005.  Although cement cargo had entered the water during offloading, substantial discharge of oil to the environment had been avoided. However, physical injuries to coral reef habitats and associated resources resulting from stabilization and response activities occurred.  All of the foregoing events are referred to as the "Incident."

E.     The Trustees for the Natural Resources injured by the Incident include the USFWS, NOAA, and the State.  The USFWS and NOAA are each designated as a Trustee pursuant to subpart G of the National Oil and Hazardous Substances Pollution Contingency Plan ("NCP") (40 CFR §§ 300.600 *et seq.*) and Executive Order 12580 (3 C.F.R., 1987 Comp. p. 193, 52 Fed. Reg. 2923 (January 23, 1987) as amended by Executive Order 12777 (56 Fed. Reg. 54757 (October 19, 1991)). The State is a designated Trustee pursuant to Section 1006 (b) (3) of the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. § 2706 and subpart G of the NCP. Additionally, the State has natural resource trustee authority pursuant to Chapter 128D HRS and 11-451 Hawaii Administrative Rules.

F.     After the Incident, the USFWS, NOAA, and the State, as Trustees for Natural Resources, (hereinafter, the "Trustees") and the Settling Defendants entered into a Cooperative Natural Resource Damage Assessment Agreement, pursuant to which the Trustees and the Settling Defendants gathered and analyzed

2

*United States, et al. v. Cape Flattery Limited, et al.* - Consent Decree

data and other information that the Trustees used to determine and quantify the resource injuries.  The Trustees determined that the Incident had caused injury to six habitat zones, which included injury to approximately 19.5 acres of coral.  The Trustees intend to publish, and invite comment from the public concerning, a draft Damage Assessment and Restoration Plan.  The draft Plan will describe alternative restoration projects under consideration by the Trustees to restore, replace, or acquire the equivalent of the resources and their services injured by the Incident.

G.     The United States and the State have filed this action to recover claims for natural resource damages.

H.     The Parties agree, and the Court, by entering this Consent Decree, finds, that this Consent Decree has been negotiated by the Parties in good faith, that it is intended to avoid certain litigation among the Parties and that it is fair, reasonable, and in the public interest.

NOW, THEREFORE, before the taking of any testimony, without the adjudication or admission of any issue of fact or law except as provided in Section III (Jurisdiction), below, and with the consent of the Parties,

IT IS HEREBY ADJUDGED, ORDERED AND DECREED as follows:

### III.  JURISDICTION AND VENUE

1.     This Court has jurisdiction over the subject matter of this action pursuant to, inter alia, 28 U.S.C. §§ 1331, 1345, 1355 & 1367, Sections 1002(a),

3

*United States, et al. v. Cape Flattery Limited, et al.* - Consent Decree

(b)(1)(A) and (b)(2)(A), 1006, and 1017 (b) of OPA, 33 U.S.C. §§ 2702(a),

(b)(1)(A) & (b)(2)(A), 2706, 2717(b).  Venue is proper in this Court pursuant to 28

U.S.C. §§ 1391 and 1395, 33 U.S.C. §2717, because Settling Defendants do

business in, and the Incident occurred in, this judicial district.  The Court has

personal jurisdiction over Settling Defendants for this particular action, and each

Party does not contest the Court's jurisdiction and does not contest the propriety of

venue in this judicial district for the purposes of this Decree.

## IV.  APPLICABILITY

2.     The obligations of this Consent Decree apply to and are binding upon

the Plaintiffs, and each of them, and upon Settling Defendants, and each of them,

and any of Plaintiffs' and/or Settling Defendants' successors, assigns, or other

entities or persons otherwise bound by law.

## V.  DEFINITIONS

3.     Terms used in this Consent Decree that are defined in OPA or in the

natural resource damage assessment regulations promulgated pursuant to OPA, 15

C.F.R. Part 990, shall have the meanings assigned to them in OPA or in such

regulations, unless otherwise provided in this Decree.  Whenever the terms set

forth below are used in this Consent Decree, the following definitions shall apply:

(a)    "Complaint" shall mean the civil complaint filed in this action

by the Plaintiffs concurrently with the lodging of this Consent Decree.

4

*United States, et al. v. Cape Flattery Limited, et al.* - Consent Decree

(b)     "Entry of the Consent Decree" or "Entry" shall occur on the date when this Decree, after signing by the Judge, is entered in the civil docket under Rule 79(a) of the Federal Rules of Civil Procedure.

(c)     "Natural Resource" and "Natural Resources" shall mean land, fish, wildlife, biota, air, water, ground water, drinking water supplies, and other such resources belonging to, managed by, held in trust by, appertaining to, or otherwise controlled by the United States and/or the State, and shall also mean the services provided by such resources to other resources or to humans.

(d)     "Natural Resource Trustees" or "Trustees" shall mean those federal and state agencies or officials designated or authorized pursuant to the U.S. Clean Water Act (Federal Water Pollution Control Act), 33 U.S.C. §§ 1251, *et seq.* ("CWA"), OPA, and/or applicable state law to act as Trustees for the Natural Resources belonging to, managed by, controlled by, or appertaining to the United States or the State.  Specifically, as used in this Consent Decree, the Trustees are the USFWS, NOAA, and the State.

(e)     "Paragraph" shall mean a portion of this Decree identified by an arabic numeral.

(f)     "Restore" or "Restoration" shall mean any action or combination of actions to restore, rehabilitate, replace or acquire the equivalent of any Natural Resource or its services injured, lost, or destroyed as a result of the

5

*United States, et al. v. Cape Flattery Limited, et al.* - Consent Decree

Incident.

      (g)    "Section" shall mean a portion of this Decree identified by a roman numeral.

      (h)    "State" shall mean the State of Hawaii,

      (i)    "United States" shall mean the United States of America, including its departments, agencies and instrumentalities.

## VI.  SETTLEMENT PAYMENTS

    4.    Within thirty (30) days after Entry of the Consent Decree, Settling Defendants shall pay to the Trustees the total amount of seven million five hundred thousand dollars ($7,500,000.00) disbursed as follows:

      (a)    The sum of five million, eight hundred eight one thousand one hundred eighty dollars ($5,881,180.00) shall be paid to DOI, on behalf of the Natural Resource Trustees, for the purposes set forth in Subparagraphs (iii) and (iv) below.  Such payment shall be made by Electronic Funds Transfer ("EFT") to the U.S. Department of Justice in accordance with instructions that the Financial Litigation Unit of the U.S. Attorney's Office for the District of Hawaii shall provide to Settling Defendants following Entry of this Decree by this Court. Settling Defendants shall send a transmittal letter, indicating that the EFT has occurred, to the Parties in accordance with Section X ("Notices") of this Decree and to:

*United States, et al. v. Cape Flattery Limited, et al.* - Consent Decree

6

Department of the Interior
Natural Resource Damage Assessment and Restoration Program
Attention:  Restoration Fund Manager
1849 "C" Street, N.W., Mail Stop 4449
Washington, D.C. 20240

The EFT and transmittal letter shall reflect that the payment is being made to the

"Natural Resources Damage Assessment and Restoration Fund, Account No.

14X5198 –Flattery Grounding."  DOI will assign these funds a special project

number to allow the funds to be maintained as a segregated account within the

Department of Interior Natural Resource Damage Assessment and Restoration

Fund, Account No. 14X51980459 (the "Flattery Grounding NRD Account").

(i)      DOI shall, in accordance with law, manage and invest

funds in the Flattery Grounding NRD Account and any return on investments or

interest accrued on the Account for use by the Natural Resources Trustees in

connection with Restoration of Natural Resources affected by the Incident.  DOI

shall not make any charge against the Flattery Grounding NRD Account for any

investment or management services provided.

(ii)     DOI shall hold all funds in the Flattery Grounding NRD

Account, including return on investments or accrued interest, subject to the

provisions of this Decree.

(iii)    The Natural Resources Trustees commit to the

expenditure of the funds set forth in this Subparagraph (a) for the design,

7

*United States, et al. v. Cape Flattery Limited, et al.* - Consent Decree

implementation, permitting (as necessary), monitoring, and oversight of Restoration projects and for the costs of complying with the requirements of the law to conduct a restoration planning and implementation process. The Natural Resource Trustees plan to use the funds for restoration, enhancement, and protection of coral reef habitat and associated resources and for oversight of these Restoration projects.

(iv)    The allocation of funds for specific projects will be contained in a Damage Assessment and Restoration Plan prepared and implemented jointly by the Trustees, for which public notice, opportunity for public input, and consideration of public comment will be provided. The Trustees jointly retain the ultimate authority and responsibility to use the funds in the Flattery Grounding NRD Account to Restore Natural Resources in accordance with applicable law, this Consent Decree, and any Memorandum of Understanding among them.

(b)    Fifty six thousand six hundred seventy nine dollars ($56,679.00) to DOI, Natural Resource Damage Assessment and Restoration Fund, Account No. 14X51980459 - Flattery Grounding NRD Account, for reimbursement of its Natural Resource Damage Assessment costs associated with the Incident. Payment shall be made by EFT to the U.S. Department of Justice in accordance with instructions that the Financial Litigation Unit of the U.S.

8

*United States, et al. v. Cape Flattery Limited, et al.* - Consent Decree

Attorney's Office for the District of Hawaii shall provide to Settling Defendants

following Entry of this Consent Decree by this Court.  At the time of payment,

Settling Defendants shall simultaneously send written notice of payment and a

copy of any transmittal documentation (which shall reference DOJ case number

90-5-1-1-10600) to the Parties in accordance with Section X ("Notices") of this

Decree.

      (c)    One million five hundred twenty four thousand one hundred

thirty seven dollars ($1,524,137.00) to NOAA for reimbursement of its Natural

Resource Damage Assessment costs associated with the Incident.  Payment shall

be made by EFT to the U.S. Department of Justice in accordance with instructions

that the Financial Litigation Unit of the U.S. Attorney's Office for the District of

Hawaii shall provide to Settling Defendants following Entry of this Consent

Decree by this Court.  At the time of payment, Settling Defendants shall

simultaneously send written notice of payment and a copy of any transmittal

documentation (which shall reference DOJ case number 90-5-1-1-10600) to the

Parties in accordance with Section X ("Notices") of this Decree.

      (d)    Thirty Eight thousand four dollars ($38,004.00) to the State for

reimbursement of its Natural Resource Damage Assessment costs associated with

the Incident.

9

*United States, et al. v. Cape Flattery Limited, et al.* - Consent Decree

## VII.  **STIPULATED PENALTIES**

5.     If Settling Defendants fail to cause any payment to be made when due as required by Section VI (Settlement Payments), above, Settling Defendants shall pay to the United States and to the State, respectively, a stipulated penalty of $1,000 per day each, for each day that any such payment is late.

6.     Any stipulated penalties, as described above, owing to the United States shall be paid by EFT in accordance with instructions to be provided by the Financial Litigation Unit of the U.S. Attorney's Office for the District of Hawaii, or by certified or cashier's check in the amount due, payable to the "U.S. Department of Justice," referencing DOJ No. 90-5-1-1-10600, and delivered to the office of the United States Attorney, Financial Litigation Unit, District of Hawaii. Payment of stipulated penalties shall be accompanied by transmittal correspondence stating that any such payment is for late payment of amount(s) due under this Decree and shall reference DOJ No. 90-5-1-1-10600 and the case name and number.

7.     Any stipulated penalties, as described above, owing to the State shall be accompanied by transmittal correspondence stating that any such payment is for late payment of amount(s) due under this Decree.

8.     Settling Defendants shall not deduct any stipulated penalties paid under this Section in calculating their federal or state income taxes.

10

*United States, et al. v. Cape Flattery Limited, et al.* - Consent Decree

9.    If Settling Defendants fail to pay stipulated penalties according to the terms of this Decree, Settling Defendants shall be liable for interest on such penalties, as provided for in 28 U.S.C. § 1961, accruing as of the date payment became due.

## VIII.  EFFECT OF SETTLEMENT

10.    Effective upon Settling Defendants' performance of their payment obligations as set forth in Section VI (Settlement Payments) of this Decree, this Decree shall resolve any and all civil claims of Plaintiffs, and any of them, for damages for injury to, destruction of, loss of, or loss of use of Natural Resources arising from the Incident, including natural resource damage assessment and restoration monitoring costs associated with the Incident, as provided for by Section 1002(b) of OPA, 33 U.S.C. §2702(b),

11.    Notwithstanding any other provision of this Decree, the United States and the State reserve the right to institute proceedings against the Settling Defendants in this action or in a new action seeking recovery of Natural Resource Damages: (1) based on injury to, destruction of, or loss of natural resources as a result of the Incident which resulted from conditions that were unknown to the Trustees as of the date when this Decree is lodged with this Court; or (2) based on information received by the Trustees after the date when this Decree is lodged with this Court which indicates that there was injury to, destruction of, or loss of natural

11

*United States, et al. v. Cape Flattery Limited, et al.* - Consent Decree

resources as a result of the Incident which was of a type or magnitude unknown to the Trustees as of the said date.

12.    Settling Defendants hereby covenant not to sue and agree not to assert any claims or causes of action of any nature against the United States or the State under federal, state, or local law, arising out of or relating to this Decree or to the Incident.

13.    This Decree does not limit or affect the rights of Settling Defendants or of the Plaintiffs against any third parties, not party to this Decree, nor does it limit the rights of third parties, not party to this Decree, against Settling Defendants, except as otherwise provided by law.

14.    This Decree shall not be construed to create rights in, or grant any cause of action to, any third party not party to this Decree.

## IX.  COSTS

15.    Plaintiffs shall be entitled to collect the costs (including reasonable attorneys' fees) incurred in any action necessary to collect any portion of the amounts due under Section VI (Settlement Payments) or any stipulated penalties due but not paid under Section VII (Stipulated Penalties), above.

## X.  NOTICES

16.    Unless otherwise specified herein, whenever notifications, submissions, or communications are required by this Consent Decree, they shall be

12

*United States, et al. v. Cape Flattery Limited, et al.* - Consent Decree

made in writing and addressed as follows:

To the United States:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
Box 7611 Ben Franklin Station
Washington, DC  20044-7611
Re:  DOJ No. 90-5-1-1-07061

To DOI:

Charles McKinley
Assistant Field Solicitor
333 Bush Street
Suite 775
San Francisco, California  94104

To NOAA:

Katherine Pease
Deputy Section Chief
Natural Resources Section
Office of General Counsel
501 W. Ocean Boulevard, Suite 4470
Long Beach, California  90802-4213

To State:

Kathleen Ho
Deputy Attorney General
Department of the Attorney General
State of Hawaii
465 S. King Street, Room 200
Honolulu, Hawaii  96813

13

*United States, et al. v. Cape Flattery Limited, et al.* - Consent Decree

To Settling Defendants:

Eugene J. O'Connor
Chalos O'Connor, LLP
366 Main Street
Port Washington, New York  11050

17.     Any Party may, by written notice to the other Parties, change its designated notice recipient or notice address provided above.

18.     Notices submitted pursuant to this Section shall be deemed submitted upon mailing, unless otherwise provided in this Decree or by mutual agreement of the Parties in writing.

## XI.  EFFECTIVE DATE

19.     The Effective Date of this Decree shall be the date of the Entry of this Decree by the Court.

## XII.  RETENTION OF JURISDICTION

20.     The Court shall retain jurisdiction over this case until termination of this Decree, for the purpose of effectuating or enforcing compliance with the terms of this Decree.

## XIII.  MODIFICATION

21.     The terms of this Decree may be modified only by a subsequent written agreement signed by all Parties.  Where the modification constitutes a material change to any term of this Decree, it shall be effective only upon approval

14

*United States, et al. v. Cape Flattery Limited, et al. - Consent Decree*

by the Court.

## XIV.  TERMINATION

22.    This Decree shall be terminated when the Plaintiffs determine that Settling Defendants have satisfactorily completed performance of their obligations required by this Decree, including payment of the amounts required under Section VI (Settlement Payments) and any outstanding stipulated penalties under Section VII (Stipulated Penalties).  Upon such termination, the Parties shall file with the Court an appropriate stipulation reciting that the requirements of the Decree have been met.

## XV.  PUBLIC PARTICIPATION

23.    This Decree shall be lodged with this Court for a period of not less than thirty (30) days to allow the opportunity for public notice and comment.  The Plaintiffs reserve the right to withdraw from or withhold their consent to this Decree if the comments from the public regarding the Decree disclose facts or considerations indicating that the Decree is inappropriate, improper, or inadequate. The Settling Defendants consent to Entry of this Decree without further notice.

## XVI.  SIGNATORIES/SERVICE

24.    Each undersigned representative of Settling Defendants, the State, and the United States, certifies that he or she is fully authorized to enter into the terms and conditions of this Decree and to execute and legally bind the Party or Parties

15

*United States, et al. v. Cape Flattery Limited, et al.* - Consent Decree

he or she represents to this document.

25.     This Decree may be signed in counterparts, and its validity shall not be challenged on that basis.

26.     Settling Defendants agree not to oppose the Entry of this Decree by the Court or to challenge any provision of the Decree, unless the consent of Plaintiffs, or any of them, has been withdrawn or withheld under the circumstances set forth in Paragraph 24, above, or Plaintiffs, or any of them have notified Settling Defendants in writing that such Plaintiff no longer supports or agrees to the Entry of this Decree.

## XVII.   INTEGRATION

27.     This Decree constitutes the final, complete, and exclusive agreement and understanding among the Parties with respect to the settlement embodied in the Decree and supersedes all prior agreements and understandings, whether oral or written, concerning the settlement embodied herein.  No other document, nor any representation, inducement, agreement, understanding, or promise, constitutes any part of this Decree or the settlement it represents, nor shall it be used in construing the terms of this Decree.

## XVIII.   FINAL JUDGMENT

28.     Upon approval and Entry of this Decree by the Court, this Decree shall constitute a final judgment of the Court, in accordance with Rules 54 and 58

16

*United States, et al. v. Cape Flattery Limited, et al.* - Consent Decree

1    of the Federal Rules of Civil Procedure, as among the Parties.

2

3

   SO ORDERED

4

5

   Dated and entered this _____ day of _____ , _____.

6

7

8      .                          _____

                                     United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                  17

*United States, et al. v. Cape Flattery Limited, et al.* - Consent Decree

1    We hereby consent to the Entry of the foregoing Consent Decree, subject to the

2    Notice and Comment provisions of Section XV (Public Participation) of this

3    Decree:

4

5    FOR THE UNITED STATES:

6

7

8

9    DATED: 11/16/12

10                                         IGNACIA S. MORENO
11                                         Assistant Attorney General
12                                         Environment and Natural Resources
                                                Division
13                                         United States Department of Justice

14

15   DATED: 12/18/12

16

17                                         BRADLEY R. O'BRIEN
                                           Senior Attorney
18                                         Environment and Natural Resources
                                                Division
19                                         Environmental Enforcement Section
20                                         United States Department of Justice

21

22

23

24

25

26

27

28

                                                                                    18

*United States, et al. v. Cape Flattery Limited, et al.* - Consent Decree

1    FOR THE STATE OF HAWAII:

2

3

4    DATED: _12/17/12_                    _Kathleen Ho_

5                                         KATHLEEN HO

6                                         Deputy Attorney General

7                                         Department of the Attorney General

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*United States, et al. v. Cape Flattery Limited, et al.*                    Consent Decree

1  The undersigned hereby consents to Entry of the foregoing Consent Decree:

2

3  FOR SETTLING DEFENDANTS Cape Flattery Limited and Pacific Basin (HK)

4  Limited:

5

6

7

8  DATED: Sept. 13, 2012

9  EUGENE J. O'CONNOR
   Chalos O'Connor, LLP
10  366 Main Street
    Port Washington, New York 11050-3120
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

20

*United States, et al. v. Cape Flattery Limited, et al. - Consent Decree*